BRIDGE AINA LE'A, LLC,
Plaintiff–Appellee,

v.

Kyle CHOCK, in his individual and official capacity; Thomas P. Contrades, in his individual and official capacity; Vladimir P. Devens, in his individual and official capacity; Normand R. Lezy, in his individual and official capacity; Duane Kanuha, in his official capacity; Charles Jencks, in his official capacity; Lisa M. Judge, in her individual and official capacity; Nicholas W. Teves, Jr., in his individual and official capacity; Ronald I. Heller; John Does 1–10; Janes Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Doe Entities 1–10; Doe Governmental Units 1–10; State of Hawaii Land Use Commission, Defendants–Appellants,

Bridge Aina Le'a, LLC, Plaintiff–Appellant,

v.

Kyle Chock, in his individual and official capacity; Thomas P. Contrades, in his individual and official capacity; Normand R. Lezy, in his individual and official capacity; Vladimir P. Devens, in his individual and official capacity; Duane Kanuha, in his official capacity; Charles Jencks, in his official capacity; Lisa M. Judge, in her individual and official capacity; Nicholas W. Teves, Jr., in his individual

---

* The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and official capacity; Ronald I. Heller; John Does 1–10; Janes Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Doe Entities 1–10; Doe Governmental Units 1–10; State of Hawaii Land Use Commission, Defendants–Appellees.

Nos. 12–15971, 12–16076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2014.

Filed Jan. 23, 2015.

Michael Charles Carroll, Esquire, Matthew Cory Shannon, Bruce D. Voss, Esquire, Bays Lung Rose & Holma, Honolulu, HI, for Plaintiff–Appellant.

Diane Erickson, Esquire, William Joseph Wynhoff, Deputy Attorney General, Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

MEMORANDUM *

In 2011, the State of Hawai'i Land Use Commission ("LUC") reclassified a parcel of land owned by plaintiff Bridge Aina Le'a, LLC ("Bridge") from urban to agricultural use. Bridge filed two actions in Hawai'i state court challenging the reclassification: a state administrative appeal, and a state civil action against the LUC and the commissioners in their official and individual capacities alleging a variety of federal and state claims. Defendants removed the civil action to federal court.

The district court abstained pursuant to *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo whether a case meets the requirements for *Pullman* abstention. *Spoklie v. Montana,* 411 F.3d 1051, 1055 (9th Cir.2005). If the requirements are met, we review for abuse of discretion the district court's decision to abstain and stay the proceeding. *Courthouse News Serv. v. Planet,* 750 F.3d 776, 782 (9th Cir.2014). While this case originally met *Pullman*'s requirements, abstention is no longer necessary. After the district court's decision, and after oral argument to this court, the Supreme Court of Hawai'i held that the LUC erred when it reclassified the parcel as agricultural without following the state's procedural requirements under Section 205–4 of the Hawai'i Revised Statutes. *See DW Aina Le'a Dev., LLC v. Bridge Aina Le'a, LLC,* 134 Hawai'i 187, 339 P.3d 685, 689–90 (2014). The Supreme Court of Hawai'i affirmed on state law grounds the state circuit court judgment reversing and vacating the LUC's final reclassification order. *Id.*

We remand to the district court for appropriate action in light of the Supreme Court of Hawai'i's decision. The district court should decide in the first instance whether the LUC commissioners sued in their individual capacities are entitled to some form of official immunity.

**VACATED AND REMANDED.**

Each party shall bear its own costs on appeal.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.